No. 32,717

Dr. Clyde Gray, *Appellant*, v. Sam H. Penley, *Appellee*.

(56 P. 2d 113)

Opinion filed April 11, 1936.

*Albert M. Cole,* of Holton, for the appellant.
*Floyd W. Hobbs,* of Holton, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This action originated as one in replevin, and this appeal is chiefly concerned with certain supplemental proceedings for the collection of the judgment.

Heretofore on some date not shown, the plaintiff Gray replevied a herd of cattle in the possession of defendant Penley. When the cause came on for trial plaintiff dismissed his action, and on October 14, 1932, defendant was given judgment for the return of the cattle or for $180.25 with interest.

On July 28, 1934, defendant, as judgment creditor, caused garnishment summons to be served on one Ernest Walker who answered that he was indebted to Gray in the sum of $80.

Gray filed an answer in which he averred that he had returned the livestock which had been the subject matter of the action in replevin and had paid the costs. Gray concluded with a prayer that the clerk of the court be directed to enter full satisfaction of the judgment in the replevin case.

The cause was heard by the court. Plaintiff, defendant, and other witnesses gave testimony; the trial court found the issues in favor of Penley; directed the garnishee to pay over to him the $80 he admitted owing Gray, and directed that this sum be credited on the judgment theretofore entered in the replevin action.

Plaintiff Gray appeals, contending that the evidence showed that he had returned the property involved in the replevin case, and in consequence that he was entitled to have the judgment in that case marked satisfied. The evidence, indeed the plaintiff's own testimony, will not bear such an interpretation. There is a seeming want of candor in both briefs; the record is too scant to fully apprise the court; an inference may be deduced that some sort of ineffective hocus pocus relating to the return of some of the replevied cattle had been attempted; yet plaintiff admitted that he had sold some of the cattle and had pocketed the proceeds, and that he actually had possession of some of the cattle at the very time of the hearing of the proceedings in garnishment.

Appellee suggests that less than $100 is involved and that this appeal should be dismissed. Be that as it may, the judgment of the district court is unassailable, and it is therefore affirmed.